EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Raúl O. Hernández González | 2013 TSPR 70<br><br>188 DPR \_\_\_\_ |

Número del Caso: CP-2011-11


Fecha: 12 de junio de 2013


Abogado de la Parte Querellante:

      Lcdo. Rafael González Vélez

Oficina de la Procuradora General:

      Lcda. Irene Soroeta Kodesh
      Procuradora General

      Lcda. Zaira Girón Anadón
      Subprocuradora General

      Lcda. Edna E. Rodríguez Benítez
      Procuradora General Auxiliar




Materia: Conducta Profesional – Censura Enérgica por infracción a los Cánones 12, 18 y 19 de Ética Profesional.




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Raúl O. Hernández González      CP-2011-011

PER CURIAM

San Juan, Puerto Rico, a 12 de junio de 2013.

Debemos atender una querella presentada contra un abogado en la que se alega que su falta de diligencia ocasionó que se archivara sin perjuicio un caso de vicios de construcción ante el Tribunal de Primera de Instancia, Sala de Bayamón, en el que la querellante comparecía como parte demandante. Por los fundamentos esbozados a continuación, se censura enérgicamente al Lcdo. Raúl O. Hernández González y se le apercibe de que en un futuro debe desplegarse de manera diligente y competente.

I.

El licenciado Hernández González fue admitido al ejercicio de la abogacía el 18 de enero de 1991 y juramentó como notario el 21 de febrero de ese mismo

año. En el 2007, la Sra. Marilie Rolón Velázquez presentó una queja en contra del licenciado Hernández González en la que alegó, en esencia, que contrató al querellado para que la representara en una acción civil sobre vicios de construcción, Caso Núm. DAC-2002-2916. Esta pensaba que el caso ante el Tribunal de Primera Instancia seguía su curso normal. Sin embargo, se enteró mediante un tercero que el caso fue desestimado en dos ocasiones. Ambas desestimaciones se debieron a incumplimientos del querellado con las órdenes emitidas por el foro primario y por incomparecencia a las vistas señaladas. Alegó además, que nunca se le notificó de las vistas a celebrarse en el foro primario.

En vista de lo anterior, el 23 de septiembre de 2011 el Procurador General presentó querella contra el licenciado Hernández González. Se le imputó infracción de los Cánones 12, 18 y 19 de Ética Profesional, 4 L.P.R.A. Ap. IX:

> Cargo I: El incumplimiento del licenciado Raúl O. Hernández González con las órdenes emitidas por el Tribunal de Primera Instancia para que contestara una Solicitud de Sentencia Sumaria y explicara su incomparecencia a ciertas vistas violentó las disposiciones del Canon 12 de Ética Profesional, 4 L.P.R.A., Ap. IV, el cual exige que los abogados desplieguen todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en la tramitación y solución de casos.

> Cargo II: El licenciado Raúl O. Hernández González faltó a los deberes de diligencia y competencia contemplados en el Canon 18 de Ética Profesional, 4 L.P.R.A., Ap. IV, al no defender adecuadamente los intereses de su clienta Marilie Rolón Vázquez y permitir que, por sus actuaciones, el caso de ésta fuera desestimado con perjuicio.

> Cargo III: El licenciado Raúl O. Hernández González violentó las disposiciones del Canon 19

de Ética Profesional, 4 L.P.R.A. Ap. IV, al no informar a su clienta que su caso había sido desestimado.

El 27 de septiembre de 2011 se le notificó al letrado la querella y le concedimos un término de quince (15) días, a partir del recibo de la notificación, para contestar la querella. Tras solicitar una prórroga, contestó la querella aceptando los hechos imputados en torno a la incomparecencia a dos vistas y el incumplimiento con las órdenes del tribunal de Primera Instancia. Con relación a la incomparecencia, argumentó que no recibió las notificaciones de señalamientos porque su buzón estaba ubicado en la Universidad de Puerto Rico, Recinto de Río Piedras y durante el trámite, hubo un conflicto huelgario. Por su parte, referente a la desestimación del caso, alegó que la desestimación fue sin perjuicio, por lo que los derechos de la quejosa se habían preservado. También señaló que propuso a la querellante asumir los costos de tramitación de una nueva causa de acción, pero que esta prefirió sustituir su reclamación por una contra el abogado. Por último, resaltó varios atenuantes a su favor, tales como su buena reputación, su historial como abogado, que esta es su primera queja, que no medió ánimo de lucro, entre otros.

Luego de analizar la querella y la contestación del querellado, nombramos como Comisionada Especial a la Lcda. Crisanta González Seda, quien celebró una vista en su fondo en la cual estuvo presente el querellado representado por su abogado y la Procuradora General Auxiliar, mas no la quejosa a pesar de haber sido citada como testigo. Luego de los

trámites de rigor, la Comisionada Especial rindió su Informe.

En el mismo se detalla que en el 2005, el licenciado Hernández González cerró su oficina privada porque aceptó dirigir la Compañía de Parques Nacionales de Puerto Rico. Esta entidad le permitió expresamente finalizar los tres o cuatro asuntos de su práctica privada que tenía pendientes. Entre los casos que mantuvo luego de cerrar su oficina, se encontraba el de la quejosa.

La quejosa presentó la demanda en el 2002, representada por la Lcda. Nancy Fonseca. No obstante, durante el descubrimiento de prueba surgieron varias diferencias entre ellas por lo que la licenciada Fonseca renunció a la representación legal. El 9 diciembre de 2003, el querellado presentó moción asumiendo la representación legal del caso y solicitando la transferencia de una vista señalada para el 15 de diciembre de 2003. No surge del expediente notificación alguna del tribunal autorizando la transferencia de la vista. Llegado ese día, se llamó el caso pero ninguna de las partes compareció.

La próxima vista se señaló para el 4 de agosto de 2004. El querellado compareció a la misma y solicitó término adicional para cumplir con los requerimientos del descubrimiento de prueba. El tribunal le concedió treinta días y señaló vista para el 1 de diciembre de 2004. A esa fecha, el licenciado Hernández González aún no había cumplido las directrices del tribunal sobre el descubrimiento de prueba, por lo que recibió órdenes de

hacer lo propio. Además, el foro primario le ordenó expresarse sobre una moción solicitando sentencia sumaria presentada por uno de los terceros demandados del pleito y señaló vista para el 3 de febrero de 2005. El querellado no compareció ni cumplió con las órdenes del tribunal. En vista del comportamiento del licenciado Hernández González, el tribunal apercibió a la demandante que se desestimaría la demanda con perjuicio si no comparecía al nuevo señalamiento el 25 de mayo de 2005.

El querellado y la quejosa no comparecieron a esta vista por lo que, el 1 de junio de 2005, el Tribunal de Primera Instancia dictó Sentencia desestimando la demanda sin perjuicio. El querellado presentó oportunamente una moción de reconsideración en la que excusó su comportamiento alegando que el buzón en el correo la Universidad de Puerto Rico no estuvo accesible por un conflicto huelgario. No explicó porque incumplió con las órdenes sobre descubrimiento de prueba. El tribunal reconsideró, dejó sin efecto la Sentencia y señaló vista para el 24 de octubre de 2005. Otra vez, ni la demandante ni el querellado comparecieron. El 22 de diciembre de 2005, el foro primario dictó Sentencia una vez más desestimando el caso sin perjuicio.

En el 2006, la querellante recibió la notificación del tribunal informando la desestimación del caso sin perjuicio. Por ello, esta cursó una carta al licenciado Hernández González en la que informa que se enteró por un tercero de lo ocurrido. En la misma, citó varios cánones de ética que

entendía el querellado había violado. El letrado contestó la carta, admitió responsabilidad por sus actuaciones y ofreció pagarle los gastos legales de la reapertura y continuación del caso. Luego de esto, la querellante le escribió en tres ocasiones más, pero no surge del expediente que el licenciado Hernández González le haya contestado.

## II.

El Código de Ética Profesional, *supra*, recoge las normas mínimas de conducta que rigen a los miembros de la profesión legal. Este promueve un comportamiento ejemplar por parte de los abogados en el desempeño de su labor. In re García Aguirre, 175 D.P.R. 433 (2009); In re Mulero Fernández, 174 D.P.R. 18, 28 (2008); In re Colón Morera, 172 D.P.R. 49, 56 (2007). En particular, el Canon 12, *supra*, impone al abogado el deber de tramitar las causas de forma responsable y con puntualidad. Además, también le exige desplegar todas las diligencias necesarias para asegurarse de que no se causen indebidas dilaciones en la tramitación y solución del caso. In re Vélez Báez, 176 D.P.R. 201 (2009).

Por su parte, el Canon 18, *supra*, expone el deber de defender los derechos del cliente diligentemente, desplegando en cada caso el más profundo saber y habilidad. También, prohíbe que un abogado asuma la representación legal de un cliente cuando entiende que no tiene la capacidad para rendir una labor idónea y competente. Por tal razón, la inacción y el desinterés como patrón de conducta en la representación del cliente se consideran infracciones al Código de Ética Profesional. In re Plaud González, 181

D.P.R. 874, 886-887 (2011); In re Mulero Fernández, *supra*, págs. 29-30, In re Cuevas Velázquez, 174 D.P.R. 433 (2008); In re De León Malavé, 172 D.P.R. 1036 (2008). Incluso, hemos señalado como actuaciones negligentes que infringen este canon, aquéllas que puedan conllevar o conlleven, la desestimación o archivo de un caso. In re Zayas Nieves, 181 D.P.R. 49, 55 (2011); In re Santos Rivera, 172 D.P.R. 703, 709 (2008); In re Colón Morera, *supra*.

Por otro lado, el Canon 19, *supra*, dispone que el abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. In re Vilches López, 170 D.P.R. 793 (2007). De igual forma, es norma reiterada que por imperativo de este canon, el abogado tiene la obligación de informar a su cliente una vez se dicte sentencia en un caso que pone fin parcial o totalmente a la causa de acción. In re Montes Fuentes, 174 D.P.R. 863 (2008); In re Colón Morera, 172 D.P.R. 49 (2007); In re García Muñoz, 170 D.P.R. 780 (2007). Cabe destacar que, el deber establecido en el Canon 19 es independiente del deber de diligencia. In re Muñoz, Morell, 182 D.P.R. 738 (2011); In re Pujol Thompson, 171 D.P.R. 683 (2007). Esta obligación comprende mantener informado al cliente de las gestiones realizadas y del desarrollo de estas, consultar las cuestiones que estén dentro del ámbito discrecional de la representación legal y cumplir con las instrucciones de los representados. In re Colón Morera, *supra.*

Por último, hemos reiterado que las determinaciones de hecho que un Comisionado Especial haga en un procedimiento disciplinario merecen nuestra deferencia. *In re Soto Charraire*, 2012 T.S.P.R. 153, 186 D.P.R. __ (2012); *In re Deynes Soto*, 164 D.P.R. 327, 336 (2005). Consecuentemente, no alteraremos las determinaciones de hecho del Comisionado Especial, a menos que medie pasión, prejuicio, parcialidad o error manifiesto en su apreciación de la prueba. *In re Peña Peña*, 153 D.P.R. 642, 657 (2001); *In re Astacio Caraballo*, 149 D.P.R. 790, 800 (1999).

### III.

Al evaluar la prueba presentada por la Oficina del Procurador General, la Comisionada Especial concluyó que el querellado incumplió con el deber establecido en el Canon 12, *supra*, de ser puntual en su asistencia, así como de ser conciso y exacto en el trámite y presentación del caso. Además, entendió demostrado que faltó a su obligación de desplegar las diligencias necesarias para asegurar que no hubiera dilaciones indebidas en la tramitación y solución del caso por sus incomparecencias e incumplimiento reiterado con las órdenes del tribunal.

Con relación al Canon 18, *supra*, la Comisionada Especial determinó que desde los inicios del pleito, el querellado no actuó de forma diligente en la tramitación de los asuntos concernientes al mismo. Por último, sobre el Canon 19, la Comisionada Especial estimó probado que el licenciado no mantuvo a su clienta informada de las

incidencias del caso pues no fue hasta después de la segunda desestimación que el querellado se comunicó con ella.

Como vimos anteriormente, es norma reiterada que este Tribunal no alterará las determinaciones de hecho del Comisionado Especial, a menos que medie pasión, prejuicio, parcialidad o error manifiesto en su apreciación de la prueba. In re Soto Charraire, *supra;* In re Peña Peña, *supra.* Ya que en este caso no se configuró alguna excepción a esa norma, adoptamos las determinaciones de hechos del mismo y procedemos a sancionar al licenciado Hernández González.

IV.

Al determinar la sanción disciplinaria que habrá de imponerse a un abogado que haya incurrido en conducta contraria a los Cánones de Ética Profesional, *supra*, puede tomarse en consideración la buena reputación del abogado en la comunidad, su historial previo, si es su primera falta, si ninguna parte se ha visto perjudicada, si se trata de conducta aislada, el ánimo de lucro que medió en su actuación, si hubo resarcimiento al cliente y cualesquiera otras consideraciones, ya sean atenuantes o agravantes, que medien a tenor con los hechos. In re Quiñones Ayala, 165 D.P.R. 138 (2005).

El Informe de la Comisionada Especial señala varias circunstancias atenuantes que pesan en el caso ante nos. A estos efectos, la Lcda. Lourdes M. Méndez declaró durante las vistas sobre la buena reputación y carácter del licenciado Hernández González mientras se desempeñó en la Compañía de Parques Nacionales de Puerto Rico. De igual

forma, el Lcdo. Fernando J. Rodríguez Caballero, actual compañero de trabajo, testificó sobre la buena reputación del querellado en su grupo de trabajo como Procurador de la Oficina de Sustento de Menores en Carolina. Lo describió como un excelente profesional, estudioso y respetuoso de los procedimientos judiciales. La Lcda. Joynette Torres, jefa de los Procuradores de la Administración para el Sustento de Menores, también coincidió en que el querellado es un buen abogado y responsable en su desempeño profesional en la agencia.

Además, el licenciado Hernández González aceptó desde el inicio del procedimiento que incurrió en infracciones éticas y que ofreció a la querellante sufragar los gastos legales en que se incurrieran para reactivar el caso y continuar con el mismo, pero esta no quiso aceptar. En ese momento, la querellante no había perdido su causa de acción, pues ambas desestimaciones fueron sin perjuicio. Tampoco se ha establecido que medió ánimo de lucro ya que el querellado no recibió honorarios por sus servicios. Finalmente, el abogado nunca ha sido objeto de otras querellas disciplinarias. En vista de lo anterior, la Comisionada Especial recomendó que este Tribunal tomara en consideración estos atenuantes, en especial, que es la primera falta del letrado y que se trata de un hecho aislado.

V.

En mérito de lo antes expuesto y de los hechos probados ante la Comisionada Especial, concluimos que el licenciado Hernández González faltó a los deberes impuestos por los

Cánones 12, 18, 19 del Código de Ética Profesional, *supra.*

Sin embargo, consideramos positivamente que el letrado ha gozado de buena reputación dentro de nuestra profesión por más de veinte años y que durante ese período nunca se había enfrentado a un procedimiento disciplinario. Además, debemos destacar que el licenciado Hernández González aceptó los hechos que se le imputaron y que durante el procedimiento se mostró arrepentido por su conducta.

Examinado el Informe de la Comisionada Especial y a la luz del historial profesional del abogado, se censura enérgicamente al licenciado Hernández González. Le apercibimos que, de repetirse en un futuro la conducta que dio curso a la presente querella, seremos más severos en nuestra sanción.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Raúl O. Hernández González          CP-2011-011




SENTENCIA

San Juan, Puerto Rico, a 12 de junio de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se censura enérgicamente al Lcdo. Raúl O. Hernández González. Le apercibimos que, de repetirse en un futuro la conducta que dio curso a la presente querella, seremos más severos en nuestra sanción.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo